# CONFIDENTIAL
# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("AGREEMENT") is entered into by and between VICTORIEN CADET ("PLAINTIFF") and MIAMI COACH & TOURS, LLC, a Florida limited liability company, and SULTAN CEVIK, an individual, (collectively referred to herein as "DEFENDANTS") (PLAINTIFF and DEFENDANTS referred to throughout this Agreement as the "Parties").

## RECITALS

This AGREEMENT is made with reference to the following facts:

A. **WHEREAS,** PLAINTIFF filed a Lawsuit against DEFENDANTS that is currently pending in the United States District Court for the Southern District of Florida and that is designated as Cadet v. Miami Coach & Tours, LLC, et al., Case No. 16-cv-22945-KMW (the "Lawsuit");

B. **WHEREAS,** DEFENDANTS deny the validity of PLAINTIFF'S claims and deny that they are subject to any liability; and

C. **WHEREAS,** all wages concededly due to PLAINTIFF have been unconditionally paid; and

D. **WHEREAS,** all Parties wish to settle their differences without resort to further litigation; and

E. **WHEREAS,** DEFENDANTS are willing to provide PLAINTIFF with certain considerations described below, which it is not ordinarily required to, provided PLAINTIFF releases DEFENDANTS from any claims PLAINTIFF has made or might make arising out of his employment with DEFENDANTS and agrees to comply with the other promises and conditions set forth in this AGREEMENT.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2. **Definitions:** Throughout this AGREEMENT, the term "DEFENDANTS" shall include the following:

 (A) MIAMI COACH & TOURS, LLC, a Florida limited liability company, as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, franchise, or division of MIAMI COACH & TOURS, LLC;

 (B) Any officer, director, trustee, agent, employee, or insurer of an entity encompassed by subparagraph (A); and

 (C) SULTAN CEVIK, an individual.

3. **Settlement Sum**: As consideration for signing this AGREEMENT and compliance with the promises made herein, DEFENDANTS agree to pay to PLAINTIFF Three Thousand Two Hundred Fifty and 00/100 Dollars ($3,250), less lawful deductions. This sum shall be allocated as follows:

  (A) A total of Five Hundred and 00/100 Dollars ($500.00) shall be made payable as wage-based compensatory damages to PLAINTIFF, for which a W-2 shall be issued;

  (B) A total of Five Hundred and 00/100 Dollars ($500.00) shall be made payable as non-wage based damages for which a 1099 shall be issued to PLAINTIFF;

  (C) A total of Five Hundred and 00/100 Dollars ($500.00) shall be made to PLAINTIFF for a general release for which a 1099 shall be issued to PLAINTIFF; and,

  (D) A total of One Thousand Seven Hundred Fifty and 00/100 Dollars ($1,750.00) shall be made to Remer & Georges-Pierre, PLLC (Federal Taxpayer Number 36-4623742) for which a 1099 shall be issued to Remer & Georges-Pierre, PLLC.

DEFENDANTS shall provide the consideration identified in this paragraph 3 within five (5) business days after receiving all of the following items: (1) a copy of this AGREEMENT appropriately signed and dated by PLAINTIFF; (2) a Stipulation of Dismissal With Prejudice as to DEFENDANTS executed by PLAINTIFF or attorney for PLAINTIFF in the Lawsuit; (3) fully-executed tax forms for all individuals/entities receiving checks; and, (4) approval by the Court of the Joint Motion for Approval of Settlement and Dismissal of All Claims Against DEFENDANTS.

This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the fifth business day after DEFENDANTS have received from PLAINTIFF all of the items described in this paragraph).

4. **Consideration:** PLAINTIFF understands and agrees that he would not receive the monies and/or benefits specified in paragraph 3, above, but for his execution of this AGREEMENT and the fulfillment of the promises contained herein.

2

5. **General Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, PLAINTIFF, for himself and for each of his heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges DEFENDANTS and each of their predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and the officers, directors, shareholders, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities ("Related Persons") of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that PLAINTIFF may now have, has ever had, or hereafter may have relating directly or indirectly to the allegations in the Lawsuit, including, but not limited to, claims for wages, which, as set forth in "WHEREAS" clause "C" preceding paragraph 1 of this AGREEMENT, as well as paragraph 7 of this AGREEMENT, have been fully paid to PLAINTIFF prior to the execution of this AGREEMENT, or are fully paid by way of paragraph 3 of this AGREEMENT; back pay; front pay; reinstatement; damages; or benefits. PLAINTIFF also releases any and all claims he may have that arose prior to the date of this AGREEMENT, and hereby specifically waives and releases all claims, including, but not limited to, those arising under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Equal Pay Act; the Americans With Disabilities Act of 1990; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act, as amended; the Genetic Information Nondiscrimination Act; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Immigration Reform and Control Act, as amended; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Employee Retirement Income Security Act of 1974, as amended; the National Labor Relations Act; and any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim. PLAINTIFF also releases any and all claims he may have that arose prior to the date of this AGREEMENT under the Family and Medical Leave Act and the Fair Labor Standards Act.

This AGREEMENT shall not apply to rights or claims that may arise after the Effective Date of this AGREEMENT. Nothing in this paragraph or this AGREEMENT is intended to limit or restrict any rights PLAINTIFF may have to enforce this AGREEMENT or challenge the AGREEMENT's validity under the ADEA, or any other right that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. PLAINTIFF understands and agrees that he is releasing DEFENDANTS from any and all claims by which he is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by PLAINTIFF or on PLAINTIFF's behalf.

In exchange for, and in consideration of, the payments, benefits, and other commitments described above, DEFENDANTS, hereby fully release, acquit, and forever discharge PLAINTIFF from any and all claims, known and unknown, asserted or unasserted, which DEFENDANTS have or may have against PLAINTIFF as of the date of execution of this Agreement.

6. **Tax Liability:** PLAINTIFF understands that DEFENDANTS shall issue an IRS Form 1099 for those portions of the payment specified in paragraph 3 of this AGREEMENT that are not subject to withholding. In paying the amount specified in paragraph 3, DEFENDANTS make no representation regarding the tax consequences or liability arising from said payment. PLAINTIFF understands and agrees that any and all tax liability that may be due or become due because of the payment referenced above is his sole responsibility, and that he will pay any such taxes that may be due or become due. DEFENDANTS have no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sum referenced in paragraph 3 of this AGREEMENT to PLAINTIFF). PLAINTIFF agrees to bear all tax consequences, if any, attendant upon the payment to him of the above-recited sums. PLAINTIFF further agrees to hold DEFENDANTS harmless from and against any tax or tax withholdings claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums. In the event DEFENDANTS receive written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against DEFENDANTS, DEFENDANTS shall promptly, after receipt of such written notice, notify PLAINTIFF by letter sent to counsel for PLAINTIFF.

7. **Affirmations:** PLAINTIFF represents and affirms that he has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due him, except as provided for in this AGREEMENT.

8. **No Further Employment:** PLAINTIFF permanently, unequivocally, and unconditionally waives any and all rights PLAINTIFF may now have, may have had in the past, or may have in the future to obtain or resume employment with DEFENDANTS. PLAINTIFF agrees never to apply for employment with DEFENDANTS, their parent, successors, affiliates, and subsidiaries. In the event that PLAINTIFF is ever mistakenly employed by DEFENDANTS, their parent, successors, affiliates, and/or subsidiaries, PLAINTIFF agrees to have his employment terminated with no resulting claim or cause of action against DEFENDANTS, their parent, successors, affiliates, and/or subsidiaries.

9. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned,

4

transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

10. **Confidentiality:** In consideration of the obligations under this AGREEMENT, PLAINTIFF agrees that this AGREEMENT and the terms and conditions hereof, are strictly, and shall forever remain, confidential, and that neither PLAINTIFF nor his heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former associates of DEFENDANTS, under any circumstances, except PLAINTIFF may disclose the terms of this AGREEMENT to his attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law ("Third Parties"), provided, however, that the Third Parties to whom such disclosure is made shall agree in advance to be bound by the terms of this paragraph 10 and all of its subparts.

   (A) If PLAINTIFF is required to disclose this AGREEMENT, its terms or underlying facts pursuant to court order and/or subpoena, PLAINTIFF shall notify DEFENDANTS, in writing via facsimile or overnight mail, within 24 hours of his receipt of such court order or subpoena, and simultaneously provide DEFENDANTS with a copy of such court order or subpoena. The notice shall comply with the notice requirements set forth below in paragraph 21. PLAINTIFF agrees to waive any objection to DEFENDANTS' request that the document production or testimony be done *in camera* and under seal.

   (B) PLAINTIFF acknowledges that a violation of paragraph 10 or any of its subparts would cause immeasurable and irreparable damage to DEFENDANTS in an amount incapable of precise determination. Accordingly, PLAINTIFF agrees that DEFENDANTS shall be entitled to injunctive relief in any court of competent jurisdiction for any actual or threatened violation of paragraph 10 and all of its subparts, in addition to any other available remedies.

   (C) The Parties agree that the terms of paragraph 10 and all of its subparts are a material inducement for the execution of this AGREEMENT. Any disclosure or dissemination, other than as described above in paragraph 10 and 10(A) will be regarded as a breach of this AGREEMENT and a cause of action shall immediately accrue for damages and injunctive relief. The Parties agree that damages sustained by such breach would be impractical or extremely difficult to determine and, therefore, agree that in the event that PLAINTIFF, or any of the individuals identified in paragraph 10(A), violates this paragraph 10 or any of its subparts, PLAINTIFF shall pay DEFENDANTS liquidated damages in the sum of One Thousand and 00/100 Dollars ($1,000) for each violation. The Parties further agree that such damages are not intended to be, and shall not be construed as, a penalty.

5

11. **Non-Disparagement:** PLAINTIFF agrees that he will not provide information, issue statements, or take any action, directly or indirectly, that would cause DEFENDANTS embarrassment or humiliation or otherwise cause or contribute to DEFENDANTS being held in disrepute.

12. **Governing Law and Jurisdiction:** This AGREEMENT shall be governed and conformed in accordance with the laws of the state of Florida. In the event PLAINTIFF or DEFENDANTS breach any provision of this AGREEMENT, PLAINTIFF and DEFENDANTS affirm that either may institute an action to specifically enforce any term or terms of this AGREEMENT.

13. **Conditions:** Should PLAINTIFF ever breach any provision or obligation under this AGREEMENT, PLAINTIFF explicitly agrees to pay all damages (including, but not limited to, litigation and/or defense costs, expenses, and reasonable attorneys' fees) incurred by DEFENDANTS as a result of PLAINTIFF's breach. Nothing in this paragraph shall, or is intended to, limit or restrict any other rights or remedies DEFENDANTS may have by virtue of this AGREEMENT or otherwise.

14. **No Admission of Liability:** The parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at anytime for any purpose as an admission by DEFENDANTS of any liability or unlawful conduct of any kind.

15. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

16. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. PLAINTIFF agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The parties acknowledge that only an authorized representative of DEFENDANTS has the authority to modify this AGREEMENT on behalf of DEFENDANTS.

17. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT.

18. **Severability:** The parties explicitly acknowledge and agree that the provisions of this AGREEMENT are both reasonable and enforceable. However, if any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be

modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT. To the extent any provision herein that relates to the dismissal of PLAINTIFF's Lawsuit or the general release of claims described in paragraph 5 above is deemed to be illegal, invalid, or unenforceable, DEFENDANTS are not obligated to honor any of the terms set forth herein and PLAINTIFF shall return any amounts paid by DEFENDANTS.

19. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

20. **Entire Agreement:** This AGREEMENT sets forth the entire AGREEMENT between the parties hereto, and fully supersedes any prior obligation of DEFENDANTS to PLAINTIFF. PLAINTIFF acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

21. **Notice Requirements:** Each notice ("Notice") provided for under this AGREEMENT, must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

VICTORIEN CADET c/o Peter M. Hoogerwoerd, Esq.
Remer & Georges-Pierre, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
305-146-5000
305-416-5005

MIAMI COACH & TOURS, LLC and SULTAN CEVIK
c/o Sundeep K. Mullick, Esq.
Law Office of Lowell J. Kuvin LLC
17 East Flagler Street
#223
Miami, Florida 33131
305-358-6800
305-358-6808

22. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

**PLAINTIFF IS HEREBY ADVISED THAT HE HAS A REASONABLE PERIOD OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED THAT HE SHOULD CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

*This space intentionally left blank.*

**ACCEPTED AND AGREED:**

By: _____
VICTORIEN CADET

17-10-16
Date

ACCEPTED AND AGREED:

MIAMI COACH & TOURS, LLC

By: _Sultan_ (signature)
SULTAN CEVIK
Title:
Date: 10-16-16

ACCEPTED AND AGREED:

By: _Sultan_ (signature)                        10-16-16
SULTAN CEVIK                                    Date